United States District Court
Southern District of Texas
ENTERED

MAY 0 4 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ARMANDO RAMOS, § | |
| Petitioner § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. B-97-217 |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Armando Ramos ("Ramos") filed a motion pursuant to 28 U.S.C. §2254. Respondent Gary Johnson ("Johnson") has filed a Motion for Summary Judgment. For the reasons set out below Respondent's motion should be granted.

### BACKGROUND

Petitioner Ramos was charged with two counts of aggravated sexual assault of a child, and two counts of sexual assault of a child. His first trial resulted in a hung jury. He was convicted in a second trial on April 3, 1990, and sentenced to fifty years imprisonment for each aggravated offense and twenty years for each remaining offense. The trial court ordered the sentences to run consecutively.

The convictions were affirmed by the Court of Appeals, Thirteenth District of Texas, in *Ramos v. State,* 819 S.W.2d 939 (Tex. App. - Corpus Christi 1991, *pet ref'd*). Ramos then applied for state writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Ramos,* Application No. 30,796-02 at 1.

Ramos now brings a §2254 action.

1

## THE §2254 PETITION

Ramos alleges the following grounds for relief:

(1)  He was denied a fair trial because the trial court denied a request for a jury shuffle;

(2)  The prosecution presented perjured testimony;

(3)  He was denied the right to confront and cross-examine witnesses;

(4)  Trial counsel rendered ineffective assistance; and

(5)  The trial court erred in ordering consecutive sentences.

## SUMMARY JUDGMENT STANDARD

A federal habeas corpus petition brought after April 24, 1996, is subject to review under the amendments to the federal habeas corpus statutes known as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) citing *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997). Ramos filed his petition on September 16, 1997. As such, it is subject to the AEDPA.

Under the AEDPA, a federal court may not grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits by a state court unless it resulted in a decision (1) that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §2254(d)(1) & (2). Furthermore, state court factual determinations shall be presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

Section (d)(2) of this statute has been interpreted to mean that a federal court may grant habeas relief "only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Williams v. Cain*, 125 F3d 269, 276-77 (5th Cir. 1997).

We now apply this standard to the claims at hand.

## RECOMMENDATION

### Denial of Jury Shuffle

Ramos claims that his Sixth and Fourteenth Amendment rights were violated when the trial court denied his request for a jury shuffle.

Denial of a jury shuffle does not raise a constitutional issue, and thus it is not a basis for federal habeas relief. *Harris v. Estelle*, 487 F.2d 1293, 1296 (5th Cir. 1974). As such, Ramos cannot properly bring this claim in a federal habeas corpus action. We need not determine whether this allegation meets the §2254(d) standard for relief. Therefore, Respondent's Motion for Summary Judgment on the jury shuffle claim should be GRANTED.

### Prosecutorial Misconduct

Ramos alleges that his Sixth and Fourteenth Amendment rights were violated when the prosecutor allowed the Complainant to purportedly perjure herself during her testimony.

Contradictory testimony from witnesses, inconsistencies within a witness' testimony, and conflicts between reports, written statements, and the trial testimony of prosecution witnesses do not, standing alone, establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

Here, the trial court hearing Ramos' state habeas claim found that he cited "only a few minor and insignificant testimonial inconsistencies that could have in no way affected the judgment of the jury." *Ex parte Ramos*, Application No. 30,796-02 at 124; *see also id.* At 122. The Texas Court of Criminal Appeals expressly adopted the trial court's findings . *Id.* at cover.

Section 2254(e) dictates that these findings are to be presumed to be true. Thus, under *Koch*, the inconsistencies cited by Ramos will not amount to perjury. *Koch*, 907 F.2d at 531. As a result, Ramos cannot meet the standard of 2254(d)(1) or (2), because the lower court's decision was neither contrary to state law, and reasonable jurists would not be of one view that the verdict was wrong. Moreover, Ramos has failed to produce the clear and convincing evidence necessary to rebut the presumption that the findings were correct.

Therefore, Respondents Motion for Summary Judgment on this claim should be GRANTED.

**Denial of Right to Cross-examine Witnesses**

Ramos claims that his Sixth Amendment right to cross-examine witnesses was violated for two reasons: First, the trial court denied his request for a transcript of his first trial, impeding his ability to effectively cross-examine witnesses in his second trial; and second, the trial court limited Ramos' cross examination of two State witnesses.

We first address the denial of the transcript.

Federal review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Fisher v. Texas,* 169 F.3d 295, 300 (5th Cir. 1999).

Upon state habeas review, the trial court held that Ramos could not bring a Sixth Amendment claim based on denial of the transcript because he had not timely requested it during his second trial. *Ex parte Ramos,* Application No. 30,796-02 at 123-24. The Texas Court of Criminal Appeals again adopted the trial court's findings. *Id.* at cover.

Thus, under the rule outlined in *Fisher,* Ramos' federal claim on this point is barred. We need not determine whether this allegation meets the §2254(d) standard for relief.

We next consider the trial courts limitation of Ramos' cross examination of the two State witnesses.

"The Supreme Court has recognized that trial judges retain wide latitude insofar as the [6th Amendment] Confrontation Clause is concerned to impose reasonable limits on cross-examinations based on among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *United States v. Campbell,* 49 F.3d 1079, 1085 (5th Cir. 1995), *cert denied,* 516 U.S. 874 (1995). The relevant inquiry is whether the jury had sufficient information to appraise the bias and motives of the witness. *Campbell,* 49 U.S. at 1085.

The record shows that the witnesses' potential biases and motives were adequately addressed by the defense. Ramos was merely denied the opportunity to question the witnesses about events which occurred *after* the charged crime.

Thus, Ramos is unable to meet the 2254(d)(1) standard, as the lower court's decision was not contrary to established law. We need not apply (d)(2), as this claim does not involve a

4

determination of facts.

As such, Respondent's Motion for Summary Judgment on the grounds of denial of the right to cross examine witnesses should be GRANTED.

### Ineffective Assistance of Counsel

Ramos asserts that his Sixth Amendment rights were violated when he was denied effective assistance of counsel, and points to specific acts by his attorney to support his claim.

To establish ineffective counsel, a Petitioner must show that counsel's performance was deficient, and that such deficiency prejudiced the Petitioner. *Strickland v. Washington*, 466 U.S. 668 (1984).

The trial court reviewing Ramos' state habeas petition examined each of the alleged deficient acts, and found that they either had not prejudiced his case, or were reasonable under the circumstances. Thus, the trial court concluded that Ramos could not meet the *Strickland* standard, and he therefore had received effective assistance of counsel. *Ex Parte Ramos*, Application No. 30,796-02 at 124-26.

Again, §2254(e) requires us to presume the State court factual determinations as true. 28 U.S.C. §2254(e). If true, Ramos would not be able to show ineffective assistance of counsel. As a result, he is unable to meet the 2254(d)(1) or (2) standard, as the lower court's decision was neither contrary to established law, and reasonable jurists would not be of one view that the verdict was wrong. Furthermore, Ramos has not produced the clear and convincing evidence necessary to rebut this presumption.

Therefore, Respondents motion for summary judgment on the claim of ineffective assistance of counsel should be GRANTED.

### Consecutive Sentencing

Ramos alleges that his Fourteenth Amendment rights were violated when the trial court stacked both his fifty-year sentences and his twenty-year sentences.

A federal habeas corpus claim that a state trial judge does not have the authority to cumulate a petitioner's sentences fails because such a claim concerns state criminal procedure, and

5

does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus. *Ables v. Scott,* 73 F.3d 591, 592 n.2 (5th Cir. 1996), *cert denied* 517 U.S. 1198 (1996), citing *Johnson v. Beto,* 383 F.2d 197, 198 (5th Cir. 1967), *cert. denied,* 393 U.S. 868 (1968).

Thus, Ramos cannot properly bring this claim in a federal habeas corpus action. We need not determine whether this allegation meets the §2254(d) standard for relief. Therefore, Respondent's Motion for Summary Judgment on the consecutive sentencing claim should be GRANTED.

## CONCLUSION

Respondent's Motion for Summary Judgment for each of the above claims should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 4th day of May, 1999.

Felix Recio
United States Magistrate Judge

6