IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO RAMOS, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-97-217 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

### AMENDED ORDER DENYING CERTIFICATE OF APPEALABILITY

This § 2254 petition for writ of habeas corpus was dismissed as untimely by the Fifth Circuit Court of Appeals on November 16, 1999. (Docket No. 18). However, this Court's Order of August 24, 1999, which adopted the Magistrate Judge's Report and Recommendation and dismissed all pending motions, was deemed not to be a "separate document" under Rule 58 by the Fifth Circuit. The Fifth Circuit stated in their opinion (Docket No. 18) that the Petitioner could rectify the lack of separate document judgment by a motion to the District Court for entry of judgment in the habeas corpus action. Petitioner then filed a Motion for the District Court to enter a final judgment (Docket No. 19) and also filed a Supplemental Request for Certificate of Appealability (Docket No. 20). This Court entered a Final Judgment against the Petitioner on December 22, 1999 and dismissed his Petition for Writ of Habeas Corpus. (Docket No. 21). Pending before this Court at this time is Petitioner's Supplemental Request for Certificate of Appealability.

The Antiterrorism and Effective Death Penalty Act (AEDPA), passed on April 24, 1996, affects appeals in habeas corpus proceedings by amending both 28 U.S.C. §2253 and Fed. R. App.

P. 22(b). Under the amended § 2253(c), an appeal from a habeas petition under 28 U.S.C. § 2254 (state detention) or from a motion under 28 U.S.C. § 2255 (federal detention) may not be taken unless a circuit justice or judge issues a certificate of appealability. However, the amended Fed. R. App. P. 22(b) allows an appeal from a habeas petition under § 2254 (state detention) to be taken if either a district or a circuit judge issues a certificate of appealability. The United States Court of Appeals for the Fifth Circuit has resolved these inconsistencies by holding that the express grant of authority to the district court, in Fed. R. App. P. 22 (b), is compelling and less likely to have resulted from oversight than the restriction of authority to the circuit court in § 2253(c). *Else v. Johnson*, 104 F.3d. 82, 83 (5th Cir. 1997).

The standard of issuance of a certificate of appealability under AEDPA is the same as the standard for the formerly required certificate of probable cause: the applicant must make a "substantial showing of the denial of a constitutional right." *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996), *superseded by statute on other grounds, Shute v. State of Texas*, 117 F.3d 233 (5th Cir. 1997); see also *Hernandez v. Johnson*, 108 F.3d 554 (5th Cir. 1997), *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999). This means that the applicant "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4, emphasis original (1983).

In his original application for writ of habeas corpus, Petitioner Ramos alleges five grounds for relief. First, Mr. Ramos claims that his Sixth and Fourteenth Amendment rights were violated when the trial court denied his request for a jury shuffle. Denial of a jury shuffle does not raise a constitutional right, and therefore this claim was not a basis for federal habeas relief. Second, Mr. Ramos alleges that his Sixth and Fourteenth Amendment rights were violated when the prosecutor

allowed the Complainant to purportedly perjure herself during her testimony. The inconsistencies of the Complainant cited by Mr. Ramos in his writ do not amount to perjury and thus he has failed to produce the clear and convincing evidence necessary to support such a claim. Third, Mr. Ramos claims that his Sixth Amendment right to cross-examine witnesses was violated because the trial court denied his request for a transcript of his first trial and because the trial court limited his cross examination of two witnesses. Denial of the transcript was appropriate because he had not timely requested it during his second trial. As to his allegation that he was limited in cross examining two witness, the record shows that the witnesses' potential biases and motives were adequately addressed by the defense. Thus, this third claim of denial of right to cross examine witnesses is not a basis for federal habeas relief. Fourth, Mr. Ramos asserts an ineffective assistance of counsel claim. Based on his allegation in his petition, Mr. Ramos was not able to meet the *Strickland v. Washington*, 466 U.S. 668 (1984), standard necessary to support such a claim. Fifth, Mr. Ramos alleges that his Fourteenth Amendment rights were violated when the trial court stacked both his fifty-year sentences and his twenty-year sentences. A federal habeas corpus claim that a state trial judge does not have the authority to cumulate a petitioner's sentences fails because such a claim concerns state criminal procedure, and does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus. Further, Mr. Ramos raises no new grounds for relief in his Supplemental Request for Certificate of Appealability. Therefore this Court finds that the petitioner has not made the appropriate showing under *Drinkard* for issuance of a certificate of appealability.

It is, therefore, ORDERED that the application for certificate of appealability be **DENIED.**

Done at Brownsville, Texas on this _15th_ of _May_ 2000.

_____
Filemon B. Vela
United States District Judge